# Taylor Thiemann & Aitken

### v.

# J. Marvin Hayes, Jr.

Record No. 911508

June 5, 1992

Present: All the Justices

*William L. Taylor (Ligia Salcedo; Taylor Thiemann & Aitken*, on briefs), for appellant.

*Lawrence E. Lindeman* for appellee.

JUSTICE KEENAN delivered the opinion of the Court.

The dispositive issue in this appeal is whether a retainer agreement between a law firm and its client is unenforceable as a matter of law because the law firm failed to register as a lobbyist pursuant to the Federal Regulation of Lobbying Act (Lobbying Act), 2 U.S.C. § 261 *et seq.*, for services it performed on the client's behalf.

In March 1989, Taylor Thiemann and Aitken (Taylor), a law firm, entered into a retainer agreement with J. Marvin Hayes, Jr., in which Taylor agreed to seek legislative relief from the United States Congress for Hayes's liability under a judgment entered against him in a federal district court in Tennessee. In that suit, Hayes was held liable for a violation of the Multiemployer Pension Plan Amendments Act of 1980, 29 U.S.C. § 1381 *et seq.*

Pursuant to the retainer agreement, Taylor contacted staff members of various Congressional committees, as well as staff personnel working for individual members of Congress. No legislation on Hayes's behalf was introduced in Congress as a result of these efforts. Taylor did, however, assist Hayes in settling the personal judgment against him for approximately $450,000 less than the full amount of the judgment. After paying a portion of Taylor's bills for these services, Hayes refused to pay the balance of $25,458.75, plus accrued interest, due under the retainer agreement. Taylor filed a motion for judgment against Hayes seeking recovery based on the retainer agreement.

In the trial court, Hayes argued that he was not required to pay the balance of Taylor's bill because Taylor had conducted its lobbying activities in violation of law by failing to register with the Clerk of the House of Representatives and the Secretary of the Senate, as

required by the Lobbying Act. After consideration of the merits of Taylor's motion for judgment, the trial court held that the retainer agreement was unenforceable, based on its conclusion that Taylor violated the Lobbying Act when it failed to register thereunder. The court ruled that the public policy requiring disclosure "must override [Taylor's] right to recover fees for the very services which would be prohibited under the Act absent the appropriate registration." This appeal followed.

Taylor contends that the activities it undertook on Hayes's behalf did not bring it within the registration requirements of the Lobbying Act. However, we find that we need not decide that question in order to resolve the issue whether Taylor's contract with Hayes was unenforceable as a matter of law.

■ The general rule is that a contract made in violation of a statute is void, and when a plaintiff must rely on the illegal contract to establish his cause of action, he may not recover for damages otherwise due him. *Watters & Martin* v. *Homes Corp.*, 136 Va. 114, 126, 116 S.E. 366, 370 (1923). Here, however, Taylor's contract with Hayes was not made in violation of law. The Lobbying Act requires registration prior to the conducting of certain activities intended to influence the passage or defeat of legislation by Congress. 2 U.S.C. § 267 (1946). It does not require such registration prior to the execution of a contract for those services. Therefore, the illegality, if any, occurred after the contract was executed, when Taylor failed to register before taking action within the scope of the Lobbying Act.

■ In *Watters*, this Court explained that, in order to determine whether a contract is enforceable, the reviewing court must examine the intent of the statute which has been violated. If it appears that the legislative body did not intend that the statute render such contracts void, but intended only that those violating the law be subject to the penalties provided therein, then the contract is enforceable, notwithstanding the statutory violation. 136 Va. at 127, 116 S.E. at 370; *see Blick* v. *Marks, Stokes and Harrison*, 234 Va. 60, 66, 360 S.E.2d 345, 349 (1987).

■ The intent of the Lobbying Act is to require disclosure of parties on whose behalf certain activities are being undertaken to influence legislation in Congress. This registration requirement does not make a contract for the provision of such lobbying services illegal. Thus, under the review required by *Watters*, we hold that Taylor's contract is still enforceable even if Taylor did violate the registration requirement of the Lobbying Act, because the subject of the

contract, the provision of lobbying services for Hayes, was not intended to be prohibited by the statute.

We disagree with Hayes's assertion that *Colbert* v. *Ashland Construction Co.*, 176 Va. 500, 11 S.E.2d 612 (1940), requires a different result. In *Colbert*, this Court was confronted with a statute which expressly prohibited the formation of the contract which was the subject of the suit. In that suit, the plaintiff was seeking to recover an unpaid balance due on a construction contract. He had entered into the contract in the name of Virginia Construction Company without first having registered that fictitious name. This conduct was in direct violation of former Code § 4722(1).* Since the contract was made in violation of the statute, this Court held that it was unenforceable as a matter of law. In reaching this conclusion, this Court explained that "[w]hen the law prohibits a thing, it is unlawful to do it, and the courts should not lend their aid to the enforcement of prohibited contracts." 176 Va. at 509, 11 S.E.2d at 616.

■ In contrast to the contract in *Colbert*, which was illegal at its inception, the contract before us was valid at the time it was executed. Thus, we reject Hayes's argument that *Colbert* precludes Taylor from recovering on the contract.

For these reasons, we will reverse the judgment of the trial court and enter final judgment in favor of Taylor.

*Reversed and final judgment.*

---

* Former Code § 4722(1) provided in part:

No person nor corporation shall conduct or transact business in this State under any assumed or fictitious name unless such person or persons or corporation shall sign and acknowledge a certificate setting forth the name under which such business is to be conducted or transacted, and the names of each and every person or corporation owning the same, with their respective post office and residence addresses . . . . Any person violating any of the provisions of this act shall be deemed guilty of a misdemeanor, and upon conviction thereof, shall be fined not exceeding one thousand dollars, or imprisonment not more than one year, or both.